RECEIPT #_____
AMOUNT $ 150-
SUMMONS ISSUED Yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. Kim Abaid
DATE 12-23-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
OFFICE
2003 DEC 23 P 3: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| KLEM TSOURIDIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| LOWE'S COMPANIES, INC. a/k/a ) | |
| LOWE'S HOME CENTERS, INC., ) | 03-12598PBS |
| JAMES SANDERS, MARK ) | |
| GULLOTI, ALLEN LERCH, and ) | |
| JOHN ENO, ) | |
| ) | MAGISTRATE JUDGE _____ |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

### Nature Of The Action

1.  Plaintiff, Klem Tsouridis ("Mr. Tsouridis"), brings this action against Defendants for discrimination on the basis of race and national origin pursuant to the Massachusetts Fair Employment Practices Law, M.G.L. c. 151B, §§ 4(1) and 4(4); Title VII of the Civil Rights Act of 1964, § 701(k), as amended, 42 U.S.C. § 2000e ("Title VII"); and against the individual Defendants for violations of M.G.L. c. 151B, §§ 4(4A) and 4(5), tortious interference with Mr. Tsouridis' advantageous business relationship with Defendants Lowe's Companies, Inc. a/k/a Lowe's Home Centers, Inc., and for intentional infliction of emotional distress.

## Jurisdiction and Venue

2. Jurisdiction of this Court over the Defendants exists pursuant to the provisions of 28 U.S.C.A. §1331. Jurisdiction is further based upon the provisions of M.G.L. c. 223A. Venue is proper in this district pursuant to 28 U.S.C.A. §1331.

## Parties

3. Plaintiff, Klem Tsouridis, is an adult male of Greek origin who resides in Needham, Middlesex County, Massachusetts.

4. Defendant Lowe's Companies, Inc. a/k/a Lowe's Home Centers, Inc. is a corporation organized under the laws of North Carolina with its principal office in North Wilkesboro, North Carolina, and with offices in multiple locations in Massachusetts [collectively, "Lowe's"]. Upon information and belief, Lowe's of Woburn, MA and Lowe's of Cranston, RI are subsidiaries of Lowe's. At all times relevant to this action, Lowe's maintained offices in Woburn, Massachusetts.

5. Lowe's employs thousands of employees and conducts business in several counties in Massachusetts, including without limitation Middlesex, Suffolk, Essex, Plymouth, Hampden, and Worcester counties.

6. Defendant James Sanders ["Mr. Sanders"] is an adult male who, upon information and belief, resides in Rhode Island. At all relevant times to this Complaint, Mr. Sanders was an assistant manager of the Lowe's of Cranston, RI store.

7. Defendant Mark Gulloti ["Mr. Gulloti"] is an adult male who resides in Massachusetts. At all times relevant hereto, Mr. Gulloti was employed as assistant store manager of the Lowe's of Woburn, MA store.

8. Defendant Allen Lerch ["Mr. Lerch"] is an adult male who resides in Massachusetts. At all times relevant hereto, Mr. Lerch was employed as the store manager of the Lowe's of Woburn, MA store.

9. Defendant John Eno ["Mr. Eno"] is an adult male who resides in Massachusetts. At all times relevant hereto, Mr. Eno was employed as the store manager of the Lowe's of Woburn, MA store.

**Facts Common To All Counts**

10. Mr. Tsouridis has a Masters Degree in Business Administration from the University of Massachusetts. He relocated to the United States from his homeland of Greece approximately five (5) years ago.

11. Mr. Tsouridis became employed by Lowe's in September 2001. He attended and completed Lowe's training program in Brockton, Massachusetts and became an Assistant Store Manager.

12. In or about December 10, 2001, after completing his training program, Lowe's assigned Mr. Tsouridis to the Cranston, RI store. The Cranston store was new and Mr. Tsouridis was required to take part in the hiring process of the new store's sales force and hourly employees. Mr. Tsouridis was also asked to recruit employees from his previous employer (SEARS), which he did very successfully.

13. The management in Cranston, including Mr. Sanders, then an assistant store manager, constantly made negative comments to Mr. Tsouridis regarding his accent, his national origin and his race.

14. In or about February 2002, Mr. Tsouridis was advised that he would be transferred to the Lowe's of Woburn, MA store. Mr. Tsouridis was initially told he would be only one of two assistant store managers and that he would be responsible for the appliances area.

15. Prior to his departure from the Cranston store, several employees tried to "shrink wrap" Mr. Tsouridis, using materials from the store. This was humiliating and caused him great embarrassment and emotional distress.

16. Prior to his move to Lowe's of Woburn, MA, the Woburn store manager, Mr. Lerch, advised Mr. Tsouridis that he would not, in fact, be responsible for the appliances area but that he would be assigned to the back area. Notwithstanding Mr. Tsouridis' protestations regarding the transfer under these circumstances, the transfer was completed nonetheless.

17. While Mr. Tsouridis was employed at the Woburn store, Mr. Gulloti, assistant store manager at the time, constantly made derogatory remarks regarding Mr. Tsouridis' race, accent and national origin, including calling him a "fuckin' Greek" on several occasions.

18. When Mr. Tsouridis was required to use the store intercom in Woburn, Mr. Gulloti and other employees would respond to his announcements, also using the store intercom, by deriding Mr. Tsouridis regarding his accent in front of other colleagues and store customers. This conduct occurred several times, the most recent time as late as July 2002.

19. Mr. Tsouridis repeatedly requested that Mr. Gulloti cease, and cause others to cease, making derogatory remarks. The requests were ignored and the offensive remarks continued.

20. Mr. Tsouridis also made complaints regarding the conduct of Mr. Gulloti and others to Mr. Lerch, the store manager at the time. Mr. Lerch responded that Mr. Tsouridis should speak directly to Mr. Gulloti regarding the issues, at the same time assuring Mr. Tsouridis that he (Mr. Lerch) would also speak directly to Mr. Gulloti. Subsequent to the conversation with Mr. Lerch, Mr. Gulloti's conduct improved temporarily. Within a week, however, Mr. Gulloti began once again to use derogatory remarks, calling Mr. Tsouridis a "fuckin' Greek" and humiliating him over the store intercom.

21. Mr. Tsouridis complained again to Mr. Lerch. Neither Mr. Lerch nor Lowe's took any action to address the referenced conduct.

22. Soon after his complaints to Mr. Lerch, Mr. Lerch was transferred to another store and Mr. Gulloti was permitted to attend the three (3) month store managers program. Mr. Tsouridis was not similarly offered a management position at the time.

23. In late August or early September 2002, Mr. Eno became manager of the Woburn store.

24. At all times during his employment with Lowe's, Mr. Tsouridis' performance was excellent.

25. On October 14, 2002, in retaliation for his complaints to Mr. Lerch, Mr. Tsouridis' employment with Lowe's was terminated.

26. The harassing, discriminatory and retaliatory conduct to which Mr. Tsouridis was subjected beginning in February 2002 was of a continuing nature and was part of an ongoing pattern of discrimination and retaliation that continued until October 14, 2002, when Mr. Tsouridis' employment with Lowe's was terminated.

27. Mr. Tsouridis has fulfilled all of the administrative prerequisites for bringing claims under M.G.L. c. 151B and Title VII.

## COUNT I - TITLE VII
## RACE AND NATIONAL ORIGIN BASED DISCRIMINATION

28. Mr. Tsouridis realleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. By the practices described above, Defendants have discriminated against Mr. Tsouridis on the basis of his race and national origin in violation of Title VII.

30. As a direct and proximate result of the discriminatory conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT II
## TITLE VII - RETALIATION

31. Mr. Tsouridis hereby realleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

32. By the practices described above, Defendants have retaliated against Mr. Tsouridis for asserting his rights protected by federal law. Defendants' actions have violated Title VII.

33. As a direct and proximate result of the conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT III
## RACE AND NATIONAL ORIGIN DISCRIMINATION
### (Violations of M.G.L. c. 151B §4(1)

34. Mr. Tsouridis realleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

35. By the practices described above, Defendants have discriminated against Mr. Tsouridis on the basis of his race and national origin in violation of M.G.L. c. 151B § 4(1).

36. As a direct and proximate result of the discriminatory conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT IV
## RETALIATION
## (Violations of M.G.L. c. 151B § 4(4))

37. Mr. Tsouridis hereby realleges and incorporates paragraphs 1 through 36 above as if fully set forth herein.

38. By the practices described above, Defendants have retaliated against Mr. Tsouridis for asserting his rights protected by state law. Defendants' actions have violated M.G.L. c. 151B § 4(4).

39. As a direct and proximate result of the conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT V
## COERCION, INTIMIDATION, THREATS
## AND INTERFERENCE & AIDING AND ABETTING
## (Violations of M.G.L. c. 151B §§ 4(4A) and 4(5))

40. Mr. Tsouridis realleges and incorporates paragraphs 1 through 39 above, as if fully set forth herein.

41. By the practices described above, Defendants have coerced, intimidated, threatened, or interfered with Mr. Tsouridis' exercise or enjoyment of his right to be free from discrimination on the basis of race, free from discrimination on the basis of national origin, and free from retaliation for exercising protected rights under M.G.L. c. 151B. Defendants' actions have violated M.G.L. c. 151B § 4(4A).

42. By the practices described above, Defendants have aided, abetted, incited, compelled or coerced violations of M.G.L. c. 151B, §§ 4(1), 4(4) and 4(16A) against Mr. Tsouridis. Defendants' actions have violated M.G.L. c. 151B § 4(5).

43. As a direct and proximate result of the conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT VI
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
(Against Defendants Sanders, Gulloti, Lerch and Eno)

44. Mr. Tsouridis hereby realleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. Mr. Sanders, Mr. Gulloti, Mr. Lerch and Mr. Eno were aware of Mr. Tsouridis' existing advantageous business relationship with Lowe's as set forth above.

46. Mr. Sanders, Mr. Gulloti, Mr. Lerch and Mr. Eno, with improper motive and/or through the use of improper means, intentionally interfered with Mr. Tsouridis' advantageous business relationship with Lowe's.

47. As a direct and proximate result of the conduct alleged herein, Mr. Tsouridis has suffered and continues to suffer damages including, but not limited to, loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, and physical and emotional distress.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Sanders, Gulloti, Lerch and Eno)

48. Mr. Tsouridis hereby realleges and incorporates paragraphs 1 through 47 above as if fully set forth herein.

49. As a result of Defendants' extreme and outrageous actions against him as alleged herein, Mr. Tsouridis has suffered severe emotional distress.

50. As a direct and proximate result of Defendants' extreme and outrageous conduct, Mr. Tsouridis has suffered and will continue to suffer damages, including but not limited to loss of income, loss of employment benefits, other financial losses, loss of professional opportunities, loss of professional reputation, loss of self-esteem, and physical and emotional distress.

**WHEREFORE**, Plaintiff, Klem Tsouridis, requests that the Court:

1. Enter judgment in favor of Plaintiff against the Defendants in an amount to be proved at trial, including without limitation an award of punitive damages as allowed by statute;

2. Award Plaintiff attorneys' fees and costs as allowed by statute; and

3. Award such other relief as the Court deems meet and just.

## Jury Trial Claim

The Plaintiff claims a trial by jury on all issues so triable.

> Respectfully Submitted,
>
> KLEM TSOURIDIS,
> By his attorneys,
>
> _____
> Juliane Ballito (#028010)
> Jennifer Yelen (#565205)
> Perkins, Smith & Cohen, LLP
> One Beacon Street, 30th Floor
> Boston, Massachusetts 02108
> 617-854-4000

Dated: December 23, 2003